# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### ROCK HILL DIVISION

| | |
|---|---|
| PENNY BALDWIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:04-22882-MJP-BM |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHESTER, CITY OF ) | **REPORT AND RECOMMENDATION** |
| CHESTER POLICE ) | |
| DEPARTMENT AND CHESTER ) | |
| CITY COUNCIL, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff is a sergeant with the City of Chester Police Department.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 28, 2005.[1] Plaintiff filed a memorandum in opposition to the Defendants' motion on December 22, 2005. Defendants' motion is now before the Court for disposition.[2]

---

[1]The undersigned notes that, although not styled as such, Defendants' motion is actually a motion for partial summary judgment, as it does not address, nor does it seek summary judgment for, Plaintiff's retaliation claim.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for summary judgment. As this
(continued...)

1



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(Equal Pay Act Claim)**

In her second cause of action, Plaintiff asserts a violation of the Equal Pay Act of 1963. The Equal Pay Act provides that

> (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex....

29 U.S.C.§ 206(d)(1).

In order to establish a prima facie case under the Equal Pay Act, Plaintiff must show that she received less pay than a male co-employee performing work substantially equal in skill, effort, and

---

[2](...continued)
is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



responsibility under similar working conditions. Houck v. Virginia Polytechnic Inst. & State Univ., 10 F.3d 204, 206 (4th Cir. 1993).   If Plaintiff establishes a prima facie case, the burden shifts to the Defendants to prove that the difference in salary is justified by one or more of the four statutory exceptions.  29 U.S.C. § 206(d)(1) (2002); Equal Employment Opportunity Comm'n v. Aetna Co., 616 F.2d 719, 724 (4th Cir. 1980)(quoting § 206(d)(1)).  If the Defendants successfully meet this burden, then the Plaintiff's claim fails "unless the plaintiff can satisfactorily rebut the defendants' evidence."  Strag v. Board of Trustees, 55 F.3d 943, 948 (4th Cir. 1995).

The evidence presented to the Court[3] shows that Plaintiff was hired by the Defendant Police Department as a police officer in July 2001 at a starting salary of $25,127.00.  The pay range for patrol officers at that time was $22,858.00 to $27,430.00.   The record further reflects that Plaintiff was promoted to corporal on July 6, 2002 at a salary of $28,375.00, and was thereafter promoted to sergeant on July 4, 2003 at a salary of $30,565.00.  See generally, Roof Affidavit. Plaintiff alleges that three males were hired the same year as she was at the same rank, but that as of July 1, 2003, all three of these male police officers were being paid at a higher rate than she. These three officers are William Kennedy, who Plaintiff alleges was hired on July 6, 2001; David Holland, who was hired on October 29, 2001; and Richard Griffin, who was hired around May of 2001.  Plaintiff has provided no evidence with respect to the starting pay or the 2003 pay of any of these three male police officers; however, a  2004-2005 pay schedule is attached to Carla Roof's affidavit.[4]  This affidavit reflects that (as of 2004-2005) Plaintiff is a sergeant in the Uniform

---

[3] The only evidence submitted was an affidavit with one attached exhibit, and some excepts from deposition testimony of several police officers.

[4] Carla Roof is the City of Chester's Human Resources Manager. Her affidavit was submitted (continued...)



Division making $31,482.00. Holland is also shown as a sergeant in the Uniform Division, making $32,950.00. Kennedy is a sergeant in the Narcotics Unit making $35,943.00, while Griffin is a corporal in what is apparently the Traffic Division making $33,128.00. Roof Affidavit, Exhibit [2004-2005 pay schedule].

While Roof discusses Holland in some detail in her affidavit, the 2004-2005 pay schedule is the only evidence before the Court showing the respective salaries of Kennedy and Griffin.[5] With respect to Holland, Roof attests that he was hired as a patrol officer at a salary lower than the Plaintiff's ($23,772.00). The evidence further reflects that Plaintiff was promoted to corporal on July 6, 2002 (salary increased to $28,375.00), while Holland was promoted to corporal on September 2, 2002 (salary increased to $28,276.00). Plaintiff was thereafter promoted to sergeant on July 4, 2003 at a pay of $30,565.00, while Holland was promoted to sergeant on November 8, 2003 at a salary of $30,464.00. According to the evidence, Plaintiff maintained a slight edge in salary over Holland following these promotions.

However, Roof's affidavit further reflects that one month after Holland was promoted

---

[4](...continued)
by the Defendants.

[5]As attachments to her memorandum, Plaintiff has provided excerpts from Sergeant Kennedy's and Corporal Griffin's depositions. However, none of the deposition testimony provided to the Court sets forth the rate of pay for either of these two officers. While Plaintiff briefly discusses Kennedy's pay status in a footnote on page 5 of her memorandum, the information provided in that footnote is not evidence that can be considered by this Court for purposes of summary judgment. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

4



to sergeant, he received another raise to $31,989.00, surpassing the Plaintiff.  Then, in July of 2004, Plaintiff received a raise to $31,482.00, with Holland receiving a raise to $32,949.00.  Roof attests that the reason Holland passed Plaintiff in salary when both of them became sergeants was because Holland went from working an 80 hour schedule to working an 84 hour schedule, while Plaintiff remained on her same schedule.  Roof attests that an employee who is already earning the minimum annual salary for the job he or she is promoted to is normally given a 2% increase upon promotion, and that when calculated at 84 hours instead of 80 hours, the raise Holland got was a 2% increase.  Roof attests that the raise Plaintiff received was also a 2% increase, but that Plaintiff did not change the standard number of hours in her work week when she was promoted to sergeant. Plaintiff appears to argue in her brief that she was also working an 84 hour time schedule every two weeks; see Plaintiff's Brief, at p. 5; however, she has provided no evidence to support this assertion.  Similarly, while Roof attests in her affidavit that Plaintiff's standard number of work hours did not change when she was promoted to sergeant, she does not indicate what that standard was (80 hours or 84 hours).

In sum, the only evidence provided to the Court shows that, while Plaintiff initially was paid more than Holland when they were both hired in 2001, by December 2003 he had passed her, and as of 2004 he was making $1,467.00 a year more than she was.  The evidence also shows that both of the other comparators identified by the Plaintiff (Kennedy and Griffin) were also making more than the Plaintiff in 2004, with Griffin making over $2,000.00 more per year than Plaintiff, even though he was a corporal and Plaintiff was a sergeant.  Considered in the light most favorable to the Plaintiff, this evidence is sufficient to show that Plaintiff was receiving less pay than male co-employees performing work substantially equal in skill, effort, and responsibility under similar



working conditions.  Houck, 10 F.3d at 206; Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 259 (1986) ["Credibility determinations, the weighing of evidence, and the choosing of inferences from the facts" are functions of the jury]; Muhammad v. Klotz, 36 F.Supp.2d 240, 243 (E.D.Pa. 1999) ["Thus, at the summary judgment stage the only inquiry is the threshold one of determining whether there is a need for a trial, that is, 'whether the evidence presents a sufficient disagreement to require submission to [the jury] or whether it is so one-sided that one party must prevail as a matter of law'"], citing Anderson, 477 U.S. at 250-252.

Plaintiff having established her prima facie case, it is arguable that the Defendants have submitted sufficient evidence to show that the difference in her and Holland's salaries is justified by a differential based on a factor other than sex.  However, with no evidence before the Court to show the number of hours Plaintiff works in a two hour work week, the undersigned is not able to make this finding.  Further, the Defendants have submitted no evidence to show the basis for the pay differential between Plaintiff, Kennedy and Griffin.  The Defendants have the burden of producing facts to show that these salary discrepancies are based on factors other than sex.  Strag, 55 F.3d at 949-951; see also EEOC v. Aetna Insurance Co., 616 F.2d 719, 725-726 (4th Cir. 1980); Ritter v. Mount St. Mary's College, 814 F.2d 986, 993 (4th Cir. 1987), cert. denied, 484 U.S. 913 (1987); Brewster v. Barnes, 788 F.2d 985, 992 (4th Cir. 1986); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir. 1999).  Defendants have failed to meet this burden.  Brewster, 788 F.2d at 992 ["the defendant's burden of proving that the wage differential is due to a factor other than sex is a heavy one"].  Therefore, Defendants' motion for summary judgment with regard to Plaintiff's Equal Pay Act Claim should be denied.



## II.

### (Title VII Pay Claim)

In her first cause of action, Plaintiff asserts a Title VII sex discrimination claim for disparate treatment, based on her allegations that she received less pay than similarly qualified males. Disparate treatment cases under Title VII require proof of intentional discrimination, either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Neither party has argued that Plaintiff has direct evidence of discrimination in pay.[6] However, the absence of direct evidence of discrimination is not fatal to Plaintiff's claims, as direct proof of discrimination rarely exists in this type of case. In such a situation, indirect evidence of discrimination may be presented through the McDonnell Douglas framework.

The United States Supreme Court articulated a three-part analysis for reviewing discrimination cases in McDonnell Douglas. First, Plaintiff must establish a prima facie case of discrimination. Once a prima facie case has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff. Second, once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Third, if the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that the

---

[6]Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-549 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996); Black's Law Dictionary, 460 (6th Ed. 1990) (citing State v. McClure, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974); see Williams v. General Motors Corp, 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).



employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's sex. McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs, 450 U.S. at 252-256; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991).[7] Despite these shifting burdens of production, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

In order to establish her Title VII prima facie case Plaintiff must show that 1) she is a member of a protected class; 2) she performed a job substantially similar to those of other employees not of the protected class; and 3) she was paid less than similarly-situated employees who were outside of the protected class. Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994); Kess v. Municipal Employees Credit Union of Baltimore, Inc., 319 F.Supp.2d 637, 644 (D.Md. 2004); Gbenoba v. Montgomery County Dep't of Health & Human Servs., 209 F.Supp.2d 572, 579 (D.Md. 2002). Plaintiff is clearly a member of a protected class (female), and the evidence before the Court is sufficient to present a genuine question of fact as to whether she was as qualified as the higher paid male employees identified by her. The evidence also shows that she was paid less than those male employees. Therefore, Plaintiff has established her Title VII prima facie case. See Texas Dep't of Community Affairs, 450 U.S. at 253 [the burden of establishing a prima facie case is not onerous].

Having established her prima facie case, the burden shifts to the Defendants to set

---

[7]While claims for wage discrimination under the EPA and Title VII are similar, the EPA does not require Plaintiff to make a showing of discriminatory intent. Tomka v. Seiler, 66 F.3d 1295, 1310 (2d Cir. 1995).



forth a legitimate, non-discriminatory reason for the pay discrepancies at issue. EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991) [The Defendant's burden of establishing a legitimate, non-discriminatory reason for its employment decision[s] is only one of production, not of persuasion]. As previously noted, Defendants have only provided argument with respect to one of Plaintiff's three alleged comparators.[8] For the reasons previously stated, the undersigned finds that sufficient evidence of a legitimate non-discriminatory reason has not been presented to entitle Defendants to summary judgment on this claim. Further, even if a legitimate, non-discriminatory reason had been presented, Plaintiff has presented evidence of pretext which has not been rebutted by the Defendants. Sergeant Kennedy (one of Plaintiff's alleged comparators) testified at his deposition that Plaintiff was "just as capable and loyal and hardworking and talented as any of the other sergeants", and that he could think of no reason why Plaintiff was paid less than the other sergeants than the fact that Plaintiff was a female. Kennedy Deposition, p. 16. Corporal Griffin (another one of Plaintiff's alleged comparators) testified that Plaintiff had "the knowledge, the know-how, and the means", and that "she should be getting paid right up there with, you know, whatever - - what every other seasoned sergeant's getting paid." Griffin went on to testify:

> **Question:** And by your comments, Corporal - - and I appreciate them - - I think you are telling me that it's a fair statement to say that she is as talented, capable, hardworking, and loyal as any other sergeant on the force; would you agree?

---

[8]Defendants could have conceivably advanced an argument that Kennedy and Griffin were not proper comparators for the Plaintiff because they were in different divisions of the Police Department. The Court notes, however, that the salary range for the Narcotics Unit (Kennedy's Unit) is the same as that for the Uniform Division (Plaintiff's and Holland's Division). The salary range for Griffin's Unit is actually lower than that of either the Uniform or Narcotics Divisions, even though the evidence shows that Griffin is paid more than the Plaintiff, who is a higher ranking officer.

9



**Answer:** Yes, Sir.

**Question:** And can you think of any reason why she would be paid less than all the other sergeants, other than her sex?

**Answer:** No, Sir. She's definitely capable to do the job.

**Question:** Do you think it's unfair that she is being paid less than some corporals?

**Answer:** Definitely. Most definitely.

Griffin Deposition, p. 9.

Finally, Plaintiff has submitted portions of the affidavit of Clarence Pauling (who is identified on Defendants' Exhibit [2004-2005 pay schedule] as a uniform officer), who testified that he believed Plaintiff was paid less than other personnel because she was dealing with "old-time people, you might say that's dealing with old-time ways." Pauling Deposition, p. 11. With respect to how Plaintiff being a female affected her position with the Department, Pauling testified as follows:

**Question:** Okay. That and - - how about the fact that she's just a female, too?

**Answer:** Yeah. I mean, that - - that - - well, any police department you work in is somewhat like a boys club you might say. You know glass ceiling kind of stuff. I mean, it's obvious, it's noticeable.

Nobody's going to come out and say well, you're not going nowhere because you got breasts. You know, that just ain't going to happen. Nobody ain't that stupid. But stuff you do underhanded and under your breath, it comes out in your face and nature and stuff.

**Question:** But being on the force and being here and being a part of it, you know it exists?



**Answer:**     Yeah.

Pauling Deposition, p. 12.

Defendants have provided no evidence to dispute this testimony, to address the pay discrepancies between Plaintiff, Kennedy, and Griffin, nor did they provide any evidence to refute Plaintiff's contention in her response brief that she works the same work hours as Holland.[9] Hence, there is sufficient evidence of pretext to avoid summary judgment. LeBlanc v. Great American Insurance Co., 6 F.3d 836, 843 (1st Cir. 1993) ["Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [sex animus].'"] (citing Goldman v. First Nat'l Bank, 985 F.2d 1113, 1117 (1st Cir. 1993)(quoting Connell v. Bank of Boston, 924 F.2d 1169, 1172, n. 3 (1st Cir. 1991), cert. denied, 111 S.Ct. 2828 (1991)); Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2105-2109 (2000) [setting forth the general proposition that where a plaintiff presents a prima facie case together with sufficient evidence to conclude that the employer's asserted justification for the employment decision is false, a trier of fact can conclude that the employer unlawfully discriminated].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **denied**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
June 22, 2006

---

[9]In fact, as previously noted, neither party provided any evidence on this issue.

11

